IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN MARQUIS COUNCIL, #29832 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv827 |
| | § | |
| PARIS POLICE DEP'T, ET AL. | § | |

### ORDER

*Pro se* Plaintiff Juan Marquis Council fied a motion to proceed *in forma pauperis* (Dkt. #2) in his prisoner civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. Upon review of Plaintiff's case and motion, the Court concludes that Plaintiff's motion to proceed *in forma pauperis* should be granted. Based upon Plaintiff's financial transaction history, the Court further concludes that Plaintiff should pay an initial partial filing fee to proceed with the case.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners bringing civil actions to pay an initial partial filing fee. The Act further requires prisoners thereafter to pay the balance of the full filing fee ($350.00 if *in forma pauperis* status is granted, $402.00 if *in forma pauperis* is not granted).

Having considered the application in light of PLRA, it is **ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. #2) is **GRANTED**. 28 U.S.C. § 1915. The granting of the motion does not relieve Plaintiff of the responsibility of paying the $350.00 filing fee or any partial fees connected therewith, unless and until the Court directs otherwise, regardless of the disposition of the case.

2. The Clerk shall file Plaintiff's pleadings without prepayment of the filing fee.

3. An initial partial filing fee of $63.25 shall be paid to the Clerk within thirty days from

the receipt of this Order.

4. Plaintiff is responsible for the timely payment of the initial partial filing fee. If payment will be made from Plaintiff's inmate trust fund account, Plaintiff must submit a request to the trust fund department to have the funds sent to the Court from Plaintiff's inmate trust account.

5. Failure to pay the initial partial filing fee or to show that Plaintiff has insufficient assets or means by which to pay the initial partial filing fee within thirty days may result in a dismissal of Plaintiff's complaint without further notice.

6. Service of process shall be withheld pending screening pursuant to 28 U.S.C. § 1915A.

7. No amendments or supplements to the complaint shall be filed without prior approval. A complete amended complaint shall be attached to any motion to amend.

8. There will be no discovery in this case at this time. *See* Fed. R. Civ. P. 26. If Defendants are ordered to answer, then all parties are to disclose information relevant to the claims or defenses of any party within thirty days after an answer is filed. The parties shall promptly file a notice of disclosure after such disclosure has taken place. *See* Rule CV-26(c), Local Rules for the Eastern District of Texas.

9. No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

10. Plaintiff shall notify the Court of any changes of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in the case being dismissed for want of prosecution.

**NOTICES TO PLAINTIFF**

1. Upon receipt of the initial partial filing fee, the Court, as required by PLRA, will order the agency having custody of Plaintiff to make monthly withdrawals from the Plaintiff's inmate account and forward them to the Court until the balance of the full filing fee is paid. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2. Plaintiff is cautioned that state law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division that is dismissed as frivolous or malicious. Tex. Govt. Code Ann. § 498.0045.

3. If you do not wish to prosecute this action, you may notify the Court in writing, by letter or notice, that you voluntarily dismiss the civil action.

**SIGNED this 10th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE