IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JUAN MARQUIS COUNCIL, #29832** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv827 |
| | § | |
| **PARIS POLICE DEP'T, ET AL.** | § | |

REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Juan Marquis Council, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 28 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I. BACKGROUND

Plaintiff filed the instant civil right complaint, asserting claims against the Paris Police Department ("Paris PD") and Lamar County District Attorney Gary Young ("DA Young")(Dkt. #1). Plaintiff asserts that the Paris PD "filed fabricated and false charges" against him. He asserts DA Young then took the fake charges to the Grand Jury "to indict [him] on them to try and get a conviction." Plaintiff seeks monetary damages for the actions of Defendants.

## II. SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, and as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and

1

12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."), *cert. denied*, 139 S. Ct. 626 (2018). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Butler v. Tidwell*, No. 4: 20-CV-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20- CV-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-CV-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020) (citing *Coleman v. Tollefson*, 575 U.S. 532 ( 2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief)); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the lawsuit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, after accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III. ANALYSIS

**A.** *Heck* **Bar**

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id*. 512 U.S. at 486. The Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In the present case, Plaintiff fails to show that his conviction or sentence has been reversed,

3

expunged, invalidated, or otherwise called into question. *Id.* Further, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction; thus, this lawsuit is barred by *Heck*. If the court were to award Plaintiff damages as to any of his claims, it would implicitly call into question the validity of his conviction. Plaintiff's issues fail to state a claim upon which relief may be granted in this case, and are frivolous in that they lack any basis in law and fact. His lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A. The Fifth Circuit has held that claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit referred to this language as the "preferred" language. *Id.*

**B.      Non-jural Entity**

Even if Plaintiff's case was not barred by *Heck*, "[a] plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv 679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Id.* at *6 (citing *Darby*, 939 F.2d at 313–14). The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *see also* Fed. R. Civ. P. 17(b)(3). Because this court sits in Texas, it must apply Texas law to determine whether the Paris PD can be sued. *See Darby*, 939 F.2d at 313.

In Texas, a city police department is not a jural entity subject to suing or being sued unless the city has taken explicit steps to grant the department with jural authority. *Coates v. Brazoria Cnty. Texas*, 894 F. Supp. 2d 966, 2012 WL 3930314, at *3 (S.D. Tex. Sept.10, 2012) ("This requirement that a

legislative body must have vested a public entity with jural authority has led district courts in Texas to find that the following public entities, among others, lack capacity to be sued: ... a police department was not a distinct legal entity from the city because it had not been granted the power to sue or be sued...."). Thus, even if the court takes all of Plaintiff's allegations against the Paris PD as true, Plaintiff has failed to state a claim upon which relief can be granted. *Id*.

The court has found no authority suggesting that the Paris PD has been granted jural authority to sue or be sued in its own right and Plaintiff has not alleged that it has been. For that reason, it would be futile to grant Plaintiff an opportunity to replead with respect to the Paris PD. Accordingly, Plaintiff's lawsuit against the Paris PD should be dismissed.

**C.   Immunity**

Additionally, Plaintiff is suing the District Attorney for Lamar County, DA Young. The Fifth Circuit recognizes that district attorneys are state officials entitled to Eleventh Amendment immunity. *See Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 680 (5th Cir. 2014). It is well settled in the Fifth Circuit that district attorneys and assistant district attorneys, sued in their official capacities are state officials, not local, for purposes of liability arising out of their prosecutorial decisions and are therefore, entitled to Eleventh Amendment immunity. *Shanafelt v. Off. of the Att'y Gen.*, 213 F.3d 638, 638 (5h Cir. 2000) (per curiam). Accordingly, DA Young is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity as a state actor.

Furthermore, to any extent that Plaintiff's complaint can be construed as asserting claims against DA Young in his individual capacity, the claims are barred by prosecutorial immunity. *Shanafelt*, 213 F.3d at 638. A prosecutor enjoys absolute immunity when his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute

prosecutorial immunity protects the prosecutor from litigation that would deflect a prosecutor's energy from official duties. *Id*. at 424. "It is the interest in protecting the proper functioning of the office rather than the interest in protecting its occupant that is of primary importance." *Id*. A prosecutor enjoys absolute immunity from suit under § 1983 for any conduct undertaken in his role as advocate for the state. *Id.* at 427-28. "Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).

The Fifth Circuit has held that "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, . . . ." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). To prevent a plaintiff from refiling claims against defendants with absolute immunity, such as judges and prosecutors, such claims should be dismissed with prejudice. *Id*. at 284-85. Plaintiff has improvidently sued the Lamar County District Attorney who enjoys absolute immunity. Even if Plaintiff was not seeking monetary damages, he is prohibited from suing defendants who have absolute immunity. In sum, all claims in this action should be dismissed with prejudice against all defendants for all purposes pursuant to 28 U.S.C. § 1915A(b).

### IV. <u>LEAVE TO AMEND</u>

The court notes that *pro se* plaintiffs are normally allowed an opportunity to amend their complaint prior to dismissal, however, here, any such amendment would be futile. *See Toliver v. Ramsey*, No. 4:20-cv-495-SDJ-CAN, 2021 WL 2878549, at *5 n.6 (E.D. Tex. Apr. 13, 2021), *report and recommendation adopted*, No. 4:20-cv-495, 2021 WL 2856839 (E.D. Tex. July 7, 2021); *see also Cruts v. Travis Cnty. Corr. Complex*, No. A-19-cv-1224-RP, 2020 WL 532935, at *5 (W.D. Tex. Feb. 3, 2020) (denying "Plaintiff leave to amend his Amended Complaint, because an amendment would be

futile" where claims against district attorney were dismissed based on Eleventh Amendment and prosecutorial immunity); *Hunter v. Schopmeyer*, No. 3:18-cv-1589-D(BH), 2020 WL 908541, at *4 (N.D. Tex. Jan. 31, 2020) (finding that "Plaintiff's motion for leave to amend his complaint should be denied as futile" where attempt to raise new claims against district attorney were barred by prosecutorial immunity), *report and recommendation adopted*, No. 3:18-cv-1589-D, 2020 WL 905333 (N.D. Tex. Feb. 25, 2020). Because any amendment would be futile, the court need not allow an opportunity to amend. *See Toliver*, 2021 WL 2878549, at *5 n.6.

## V.  STRIKE UNDER 28 U.S.C. § 1915(g)

Under the PLRA, an inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the court is recommending dismissal of at least one of Plaintiff's claims in this case as frivolous and for failing to state a claim upon which relief may be granted, it is further recommended that Plaintiff be advised that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and that should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates that he is in imminent danger of serious physical injury.

## VI. RECOMMENDATION

Accordingly, the court *sua sponte* recommends Plaintiff's claims and lawsuit against Defendants be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. The court

further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g) based on the reasoning above.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), superceded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of March, 2024.**

*[signature: Aileen Goldman Durrett]*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE