# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **JUAN MARQUIS COUNCIL, #29832** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv827 |
| | § | |
| **PARIS POLICE DEP'T, ET AL.** | § | |

## MEMORANDUM ORDER

Juan Marquis Council ("Plaintiff") filed "Motion for Bond Reduction" (Dkt. #22). In it, he states his attorney informed him that one of two counts that were pending against him was dismissed. Accordingly, he believes his bond should have been lowered by fifty percent.

A review of the record shows that Plaintiff is being held at Lamar County Jail on state charges. Through his motion, Plaintiff is basically asking this court to mandate an action from a state court. A pleading will be judged by its substance rather than its form or label and, if possible, it will be liberally construed to give effect to its averments. *United States v. Robinson,* 78 F.3d 172 (5th Cir. 1996). Accordingly, the Court construes Plaintiff's motion (Dkt. #22) as a petition for writ of mandamus.

Federal district courts are courts of limited statutory jurisdiction. *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The only federal statute concerning the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. § 1361. That statute specifically provides that district courts have original jurisdiction of any action in mandamus to compel an officer or employee of the United States "or any agency thereof to perform

a duty owed to the plaintiff." In essence, Plaintiff is asking this Court to issue a writ of mandamus to a Texas state court, an agency of the State of Texas, to lower his bond. The State of Texas is not a federal officer, agent, or employee, and is not subject to the statutory mandamus authority of this Court. Consequently, this Court lacks jurisdiction to entertain Plaintiff's request for relief.

It is therefore **ORDERED** that Plaintiff's Motion to Reduce Bond (Dkt. #22) is **DISMISSED** for lack of jurisdiction.

**SIGNED this 25th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE